UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>OMAR ALARCON FUENTES,<br><br>                    Defendant. | No. CR-13-125-FVS-2<br><br>ORDER -- (1) **DENYING** THE DEFENDANT'S REVISED DISCOVERY REQUEST, (2) **GRANTING AND DENYING** THE DEFENDANT'S MOTIONS *IN LIMINE*, AND (3) **GRANTING** THE DEFENDANT'S REQUEST FOR SEPARATE TRIALS |

   **THIS MATTER** comes before the Court without oral argument based Omar Fuentes Alarcon's revised discovery request, his motions *in limine,* and his request for separate trials.  Mr. Fuentes is represented by Philip E. Nino.  The United States is represented by Assistant United States Attorney George J. C. Jacobs, III.

   **BACKGROUND**

   Omar Fuentes Alarcon ("Omar Fuentes") is named as a defendant in three pending indictments.  In CR-13-125-FVS-2, he is charged with one count of distribution of a controlled substance.  21 U.S.C. § 841(a)(1).  In CR-13-132-FVS, he is charged with unlawfully reentering the United States after removal.  8 U.S.C. § 1326.  In CR-14-2071-FVS, he is charged with possessing ammunition despite being unlawfully in the United States.  18 U.S.C. § 922(g)(5)(A).

Order - 1

**ALLEGEDLY ILLEGAL PRESENCE**

Mr. Fuentes allegedly is a citizen of Mexico. He objects to the admission of any evidence in CR-13-125-FVS-2 indicating he is illegally in the United States. That is not all. Cause number 13-125 (§ 841(a)(1)) and cause number 13-132 (§ 1326) are scheduled to be tried together on December 1, 2014. Mr. Fuentes asks the Court to try 13-125 (the drug-trafficking case) as scheduled on December 1, 2014, but to continue 13-132 (unlawful reentry after removal) until a date during March of 2015 and to combine it for trial with 14-2071-FVS (illegal alien in possession of ammunition).

*Ruling*:

The requests set forth above are granted. Cause number CR-13-125-FVS-2 shall be tried separately from cause numbers CR-13-132-FVS and CR-14-2071-FVS. During the trial of cause number CR-13-125-FVS-2, the United States shall refrain from alleging Mr. Fuentes is a citizen of Mexico. Cause number CR-14-2071-FVS shall be tried in Spokane, Washington, with cause number CR-13-132-FVS. A new trial date will be set in due course.

**VIOLENT GANGS**

Mr. Fuentes was investigated and, ultimately, arrested by members of a drug task force. He objects to the admission of any testimony indicating the members of the drug task force are responsible for investigating violent gangs or gang violence.

Order - 2

*Ruling*:

This request is granted.

**EXISTENCE OF FORFEITURE ACTION**

Mr. Fuentes objects to the admission of any testimony indicating the United States has instituted any type of forfeiture action with respect to property that was seized from him.

*Ruling*:

This request is granted.

**PLEA AGREEMENTS**

Henry Bevans was Mr. Fuentes's codefendant.  Mr. Bevans has pleaded guilty, and he is serving a prison sentence.  Mr. Fuentes objects to the admission of Mr. Bevans' plea agreement.

*Ruling*:

This request is granted.

**TESTIMONY BY HENRY BEVANS**

If Henry Bevans testifies, Mr. Fuentes objects to the admission of any testimony indicating he promised, as part of his plea agreement, to testify truthfully.

*Ruling*:

This request is granted.

**DRUG CARTELS**

Mr. Fuentes objects to the admission of any testimony describing the operations of foreign drug-distribution cartels.

Order - 3

*Ruling*:

This request is granted.

**CONDUCT OF GUSTAVO MARTINEZ**

Gustavo Martinez is the brother-in-law of Mr. Fuentes. Mr. Martinez allegedly contacted Henry Bevans on July 24, 2013. After Mr. Martinez left Mr. Bevans' place, Mr. Martinez allegedly threw a package out of the window of his car. Mr. Fuentes objects to the admission of any testimony regarding Mr. Martinez' alleged conduct on the 24th.

*Ruling*:

This request is granted.

**TWO POUNDS OF MARIJUANA**

Mr. Fuentes objects to the admission of any testimony indicating officers found two pounds of marijuana during the search of his residence on July 25, 2013.

*Ruling*:

This request is granted.

**TEXT MESSAGES**

As explained in more detail in a separate order, a confidential informant ("CI") contacted Henry Bevans in a motel room on July 18, 2013. Mr. Bevans allegedly was waiting for his supplier to arrive. The CI's contact with Mr. Bevans was being surveilled by law enforcement officers. The CI sent a number of text messages to an

Order - 4

officer prior to and during the CI's contact with Mr. Bevans. The United States has attached the disputed text messages to ECF No. 110 as Exhibit 1.

### A. Description of Text Messages

The messages are displayed on 12 screens. The following provides a sense of the content of the messages; it is not intended to be an exhaustive recitation:

**Screen 1**

Hause:     My ass is tired and I need my beauty
           sleep . . . cuz my ass is getting up at
           the ass crack of dawn to get what I need
           done to make this happen . . . call if
           its an EMERGENCY . . . text any
           important updates. I likely won't
           respond cuz' I'm sleeping . . . see you
           in the morning.

CI:        Fore sure.

CI:        My phone is only texting; my bill didn't
           get paid so u getting this text

**Screen 2**

Hause:     Got it.

CI:        I'll be there in a few.

Hause:     You hear anything else from P . . .?

Order - 5

|   |        |                                          |
|---|--------|------------------------------------------|
| 1 |        | You will be early if there before 7:10   |
| 2 | CI:    | K                                        |
| 3 | CI:    | He's up ready to go.                     |
| 4 | Hause: | That's good . . . he'll need to wait     |
|   |        | till we get there . . .                  |
| 7 | CI:    | Haaha lol I know                         |

**Screen 3**

| | | |
|---|---|---|
| CI: | What side of the building; |
| CI: | I'm at the right side now |
| CI: | Hey I'm at zips were u want me to go |
| CI: | I read the text wrong |
| Hause: | Just hang there . . . will be there in |
|  | just a few |
| CI: | Alrite man |
| CI: | Headed to the front |
| Hause: | Got ya |

**Screen 4**

| | | |
|---|---|---|
| CI: | Kk |
| CI: | He's waiting on the mexican |
| Hause: | K |
| CI: | Like 20 30 |
| Hause: | K |
| CI: | He's getting ready to come here from a |

Order - 6

|   |   |
|---|---|
| | different hotel |
| Hause: | K |
| CI: | Its just me him and his girl |

**Screen 5**

| | |
|---|---|
| CI: | Just waiting for dude |
| Hause: | K |
| CI: | he's doing laundry still waiting at the front desk now |
| Hause: | K |
| CI: | back in the room now |
| CI: | He's going to call and see were he's at |
| Hause: | Cool |

**Screen 6**

| | |
|---|---|
| CI: | He just talked to him 20 minutes he just got out of the shower over there |
| Hause: | K |
| CI: | Will u call my po tell him I might be a lil late there Tim hefferman |
| Hause: | What time u supposed to be there w/ him? |
| CI: | 20 minutes |
| Hause: | Damn . . . u got his # by chance . . .? |

**Screen 7**

| | |
|---|---|
| CI: | O tims I don't |

Order - 7

| | | |
|---|---|---|
| CI: | 9816687 | |
| Hause: | It's taken care of | |
| CI: | Alrite thanx man | |
| CI: | The Mexican has kids with him | |
| Hause: | K | |
| Hause: | Is he there? | |
| CI: | No not yet | |

**Screen 8**

| | | |
|---|---|---|
| CI: | Should b in the next 10 | |
| CI: | Any minute now | |
| CI: | He will be pulling in | |
| Hause: | K | |
| CI: | Any minute | |
| CI: | He's going to go out to him and get it | |
| Hause: | K | |
| CI: | Its gonna b a mini van | |

**Screen 9**

| | | |
|---|---|---|
| CI: | Its gonna b a mini van | |
| CI: | He's come in down now and he's here | |
| CI: | He's going to the van now | |
| CI: | Nothing happened now did it I heard sirens | |
| Hause: | No | |

Order - 8

| | | |
|---|---|---|
| CI: | Ok I heard sirens and shit tripped me out u see the van | |

**Screen 10**

| | | |
|---|---|---|
| CI: | Ok |
| CI: | My girl called me had to answer it |
| CI: | Did my po want me to come in still |
| Hause: | Not today |
| CI: | Ok tim said not today |
| Hause: | Right . . . said report Monday, when you leave, go to the same place we started |

**Screen 11**

| | | |
|---|---|---|
| CI: | Ok |
| CI: | [CI sends photo to Hause] |
| Hause: | Nice!  Get yours and lets go . . . |
| CI: | [Sends second photo to Hause] |

**Screen 12**

| | | |
|---|---|---|
| CI: | [CI sends third to Hause] |
| CI: | Is that good |
| Hause: | Good work! |
| CI: | Ok on my way |
| CI: | thanx for that shes happy; now |
| CI: | She got her phone card |
| Hause: | Good deal! |

Order - 9

### B. Parties' Positions

Mr. Fuentes argues the disputed messages are inadmissible hearsay. According to the United States, the messages are admissible under any of three separate theories. The United States says the CI's statements concerning Mr. Bevans' movements are not hearsay because they will not be offered to prove the truth of the matters asserted. Fed.R.Evid. 801(c)(2). With respect to Mr. Bevans' statements regarding the impending sale of methamphetamine, the United States says they are not hearsay because Mr. Bevans was a coconspirator of Mr. Fuentes' and Mr. Bevans made the statements in furtherance of the conspiracy. Fed.R.Evid. 801(d)(2)(d). Finally, to the extent the Court determines any of the CI's statements are hearsay, the United States says they are admissible under the exception for present sense impressions. Fed.R.Evid. 803(1).

### C. Analysis

Broadly speaking, the text messages may divided into three categories: idle chatter, communications regarding the CI's and Mr. Bevans' movements, and information related to the CI by Mr. Bevans.

*1. Idle chatter*

Some of the idle chatter between the CI and Deputy Hause is irrelevant. However, some of it may assist Mr. Fuentes. For example, references to the CI's probation officer may provide a basis for impeaching the CI.

*2. Description of movements*

An out of court statement is not hearsay when it is not offered for the truth of the matter asserted. *See, e.g., United States Gadson*, 763 F.3d 1189, 1212 (9th Cir.2014) ("[a] witness making statements to provide clarification and context for other statements is not offering evidence for the truth of the matter asserted . . ."); *United States v. Ransfer*, 749 F.3d 914 (11th Cir.2014) ("[s]tatements by out of court witnesses to law enforcement officials may be admitted as non-hearsay if they are relevant to explain the course of the officials' subsequent investigative actions . . ."); *United States v. Foster*, 701 F.3d 1142, 1151 (7th cir.2012) ("the CI's statement regarding the weight [of the controlled substance] was not offered to show what the weight actually was or was supposed to be . . ., but rather to explain the defendant's acts and make his statements intelligible"). In this case, a number of the informant's text messages may help explain why the officers were surveilling Mr. Bevans' movements and why they began to investigate Mr. Fuentes. Offered for that purpose, they are not hearsay.

*3. Information related to the CI by Mr. Bevans*

Several of the CI's text message appear to convey information the CI learned from Mr. Bevans: for example, that Mr. Bevans' supplier was at another hotel; that the supplier would arrive in 20 minutes; and that the supplier would be driving a minivan and he would be

Order - 11

accompanied by children. The United States must prove three things in order to establish Mr. Bevans' alleged statements to the CI are admissible under Rule 801(d)(2)(E): (1) a conspiracy existed at the time each statement was made, (2) the defendants against whom the statements are offered had knowledge of, and participated in, the conspiracy, and (3) each statement was made in furtherance of the conspiracy. *United States v. Bowman*, 215 F.3d 951, 960-61 (9th Cir.2000) (citing *Bourjaily v. United States*, 483 U.S. 171, 175, 107 S.Ct. 2775, 2778, 97 L.Ed.2d 144 (1987)). At this juncture, the Court cannot say the United States will be unable to lay an adequate foundation at trial for admission of the disputed statements pursuant to Rule 801(d)(2)(E).[1]

Ruling:

The Court is being asked to assess the admissibility of evidence prior to trial. At this juncture, the record is incomplete. Given the record as it now stands, it appears a number of the disputed text messages may be admissible. Some are not hearsay; others may fall

---

[1] Coconspirator statements are not testimonial within the meaning of *Crawford v. Washington*, 541 U.S. 36, 56, 124 S.Ct. 1354, 1367, 158 L.Ed.2d 177 (2004). *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir.2005). If, at trial, the United States establishes Mr. Bevans' statements to the CI are admissible under Rule 801(d)(2)(E), then admitting the statements will not violate the Confrontation Clause of the Sixth Amendment.

Order - 12

within an exception to the hearsay rule.  Consequently, Mr. Fuentes' motion to exclude all of the text messages must be denied.  However, this ruling is subject to an important limitation.  At trial, the United States must lay an adequate evidentiary foundation for each text message it seeks to admit.  Mr. Fuentes may object at trial if he does not think the United States has laid an adequate foundation. *Luce v. United States*, 469 U.S. 38, 41–42, 105 S.Ct. 460, 463, 83 L.Ed.2d 443 (1984) (an in limine "ruling is subject to change when the case unfolds").

**PHOTOGRAPHS**

The United States alleges Mr. Bevans left his motel room on July 18, 2013, and obtained approximately one pound of methamphetamine from Mr. Fuentes.  The CI was waiting in the motel room.  When Mr. Bevans returned, the CI took pictures of the methamphetamine Mr. Bevans allegedly obtained from Mr. Fuentes.  The CI purchased some, but not all, of the methamphetamine that is depicted in the photographs.  The charge against Mr. Fuentes is not based upon Mr. Bevans' sale to the CI.  Rather, Mr. Fuentes is charged with delivering approximately one pound of methamphetamine to Mr. Bevans in a van.  The United States intends to offer evidence concerning Mr. Bevans' sale to the CI as a means of proving Mr. Fuentes distributed methamphetamine to Mr. Bevans.  The United States argues evidence of Mr. Bevans' sale is admissible under Rule 404(b) because it is inextricably intertwined

Order - 13

with Mr. Fuentes' alleged conduct.

<u>Ruling</u>

Rule 404(b)(1) does not apply to crimes, wrongs, and other acts that are "inextricably intertwined" with the crime charged. *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir.2012). The Ninth Circuit has recognized two situations in which evidence is inextricably intertwined with the crime charged and, thus, beyond the scope of Rule 404(b)(1):

> First, other act evidence may "constitute[ ] a part of the transaction that serves as the basis for the criminal charge." . . . Second, admission of other act evidence may be "necessary . . . to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."

*Id.* (quoting *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir.1995)). Mr. Bevans' sale to the CI is inextricably intertwined with Mr. Fuentes' delivery to Mr. Bevans. To begin with, evidence of Mr. Bevans' sale to the CI is necessary to explain why law enforcement officers began investigating Mr. Fuentes. In addition, the CI's description of Mr. Bevans' conduct on July 18th makes it more probable he obtained the methamphetamine from Mr. Fuentes. Thus, if the United States lays an adequate foundation, the photographs will be admitted.

**IT IS HEREBY ORDERED:**

1. Omar Fuentes' motions *in limine* (**ECF No. 96**) are **granted** in

Order - 14

part and **denied** in part.

2. Omar Fuentes' "Motion for Discovery" (**ECF No. 115**) is **denied** as moot.

3. Omar Fuentes' "Motion to Expedite" (**ECF No. 120**) is **granted**.

4. Omar Fuentes' request for reconfiguration of the three pending trials (**ECF No. 119**) is **granted**.  Cause number CR-13-125-FVS-2 shall be tried separately from cause numbers CR-13-132-FVS and CR-14-2071-FVS.  The latter two cases will be tried together in Spokane, Washington, at a date to be set.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___31st___ day of October, 2014.

                     s/ Fred Van Sickle
                      Fred Van Sickle
                      Senior United States District Judge