UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OMAR ALARCON FUENTES,<br><br>Defendant. | NO:  13-CR-0125-TOR-2<br><br>ORDER DENYING DEFENDANT'S MOTION FOR ACQUITTAL OR NEW TRIAL |

BEFORE THE COURT is Defendant's Motion and Memorandum in Support of Acquittal or New Trial (ECF No. 182).  This matter was submitted for consideration without argument.  The Defendant is represented by Philip E. Nino.  The United States is represented by George J.C. Jacobs, III.  The Court has reviewed the record and files herein, and is fully informed.

## DISCUSSION

On December 3, 2014, after a two-day trial, a jury found Defendant guilty of distributing 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841.  ECF No. 179.  On December 10, 2014, Defendant filed the current motion

ORDER DENYING MOTION FOR ACQUITTAL OR NEW TRIAL ~ 1

for a judgment of acquittal or to grant a new trial.  ECF No. 182.  In his motion,

Defendant contends the Court erred in admitting statements he made to the police

following his arrest because the statements (1) should have been suppressed as a

violation of his *Miranda* rights and (2) were inadmissible propensity evidence.

ECF No. 182 at 4–5.  Defendant has also raised Federal Rule of Criminal

Procedure 29(c) in his motion, though without specific argument relating to the

sufficiency of the evidence presented at the trial.  *Id.* at 3.  The Court construes

Defendant's motion to also contend that the evidence presented was legally

insufficient to support the jury's verdict and that the Court should set that verdict

aside.  The Court will examine each contention in turn.

## RULE 29:  SUFFICIENCY OF THE EVIDENCE

Rule 29(c) allows a criminal defendant to move for a judgment of acquittal

following a jury verdict.  Fed. R. Crim. P. 29(c).  The Court may not grant a Rule

29 motion if, "viewing the evidence in the light most favorable to the prosecution,

any rational trier of fact could have found the essential elements of the offenses

charged beyond a reasonable doubt."  *United States v. Rosales*, 516 F.3d 749, 751–

52 (9th Cir. 2008) (internal quotation marks and citation omitted).  The Court must

presume the jury resolved any conflicting inferences in the government's favor.

*Id.* at 752.  The Court must also consider "all of the evidence presented at trial,

including evidence that was improperly admitted."  *United States v. Castaneda*, 16

ORDER DENYING MOTION FOR ACQUITTAL OR NEW TRIAL ~ 2

F.3d 1504, 1510 (9th Cir. 1994).  As such, the Court evaluates first whether the totality of evidence presented at trial was legally sufficient under Rule 29 before considering Defendant's argument that certain evidence was erroneously admitted, warranting a new trial under Rule 33.

The jury was instructed that in order to find Defendant guilty the government must prove beyond a reasonable doubt that (1) Defendant knowingly distributed methamphetamine and (2) Defendant knew it was methamphetamine or some other prohibited drug.  *See* Final Instructions Nos. 3, 5, 19.  The jury was also instructed that should they find Defendant guilty of the charge, they were to determine whether the government proved beyond a reasonable doubt that the amount of methamphetamine exceeded fifty grams.  Final Instruction No. 22.

Over the course of the trial, the government presented evidence that a confidential informant, David Goodwin, arranged to buy methamphetamine from his supplier, Henry Bevans, using $4,000 supplied by law enforcement.  On July 18, 2013, Goodwin met Bevans in a hotel room at a Comfort Inn in Spokane, Washington.  Goodwin was wearing an audio recording and transmitting device; recordings of his interactions with Bevans were introduced at trial.  Bevans told Goodwin that he was awaiting his own supplier to arrive with methamphetamine. After a series of phone calls between Bevans and his supplier, Bevans told Goodwin that the supplier was on his way in a van with his children.

1    Sometime after this statement, law enforcement surveilling the hotel

2  observed a white van pull up to the back of the hotel.  At that point, Bevans

3  received a phone call and told the caller that he would come down.  Bevans left the

4  room with a backpack.  Law enforcement observed Bevans exit the rear of the

5  hotel with a backpack and enter the van.  The van pulled around to the front of the

6  hotel and Bevans exited the van with the backpack and re-entered the hotel.

7  Goodwin observed Bevans return to the room where Bevans removed a

8  Tupperware container from the backpack containing what Goodwin believed to be

9  methamphetamine.  Goodwin took photos of the contents with his phone.  Those

10  photos, which partially show Bevans holding the container, were introduced at the

11  trial.  Goodwin and Bevans completed the sale and Goodwin left with a portion of

12  the substance in the container.  That substance later tested positive as

13  methamphetamine.  A DEA lab technician testified that the amount of

14  methamphetamine that Goodwin purchased had a net weight of 147.2 grams.  The

15  technician also testified that, based upon the purity of the methamphetamine, the

16  weight of pure methamphetamine was 119.3 grams.

17    After Bevans exited the van, law enforcement followed the van from

18  Spokane to Sunnyside, Washington.  From the van's license plate, law

19  enforcement learned that it was registered to Defendant.  Law enforcement also

20  visually identified that Defendant was the driver of the van and that two children

ORDER DENYING MOTION FOR ACQUITTAL OR NEW TRIAL ~ 4

1    and a woman were in the vehicle with Defendant.  Law enforcement followed the

2    van until it parked at a house later identified as Defendant's residence.

3        On July 25, 2013, a warrant was executed for Defendant's arrest and to

4    search Defendant's house.  No methamphetamine was found at the house.

5    Subsequent to his arrest, Defendant made incriminating statements to law

6    enforcement officers including that he was in Spokane the week earlier to see

7    Bevans and sell him a pound of methamphetamine.

8        At trial, Bevans testified that he did not purchase the methamphetamine

9    from Defendant, but entered the van only to sell him an iPad.  Bevans also testified

10   he had hidden the methamphetamine in the hotel's laundry room and retrieved it on

11   his way back from the van.  The Court presumes, as it must, that the jury resolved

12   this conflicting testimony in the government's favor.  *Rosales*, 516 F.3d at 752.

13   Indeed, the jury necessarily found Bevans' testimony incredible in order to return a

14   guilty verdict.

15       The Court concludes the evidence was sufficient for a rational fact-finder to

16   infer that Bevans obtained the Tupperware container of methamphetamine from

17   Defendant while in the van, placed it in his backpack, and then resold a portion of

18   that methamphetamine to Goodwin after Bevans returned to the hotel room.

19   Defendant admitted to as much at the time of his arrest.  Viewing all evidence

20   together in the light most favorable to the prosecution, while also resolving any

ORDER DENYING MOTION FOR ACQUITTAL OR NEW TRIAL ~ 5

conflicting inferences in favor of the prosecution, the Court concludes that the evidence was sufficient to convict Defendant of distribution of more than 50 grams of pure methamphetamine.

## RULE 33 CHALLENGES

Federal Rule of Criminal Procedure 33(a) allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires." "A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal." United States v. Kellington, 217 F.3d 1084, 1097 (9th Cir. 2000) (citation omitted). "The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992). A court may grant a Rule 33 motion for a new trial where, for example, (1) evidence "preponderates heavily against the verdict [such] that a serious miscarriage of justice may occur," *id.*, or (2) a defendant was unduly harmed or his trial made unfair by the erroneous admission or exclusion of evidence. *See United States v. Johnson*, 337 F.2d 180, 203 (4th Cir. 1964); *see also* 3 Fed. Prac. & Proc. Crim. § 589 n.11, 12 (4th ed.).

As the Court's review of the evidence above indicates, the evidence did not weigh heavily against a finding of guilt. The Court finds that Bevans was not a

credible witness and that the countervailing evidence strongly supported a guilty verdict. The Court concludes no serious miscarriage of justice will occur based upon the weight of the evidence. Therefore, the Court turns its attention to Defendant's argument that evidence was erroneously admitted and a new trial is required on those grounds.

### 1. Suppression of Statements

Prior to trial, Defendant filed a motion to suppress statements he made to Deputy Shawn Hause subsequent to his arrest on July 25, 2013. ECF No. 98. Judge Van Sickle held a hearing on the matter on October 20, 2014. ECF Nos. 126, 138. In a written order, Judge Van Sickle concluded that Defendant had voluntarily, knowingly, and intelligently waived his *Miranda* rights and denied Defendant's suppression motion. ECF No. 133 at 5–6.

In his current motion, Defendant argues the statements should have been suppressed because "any *Miranda* waiver was equivocal, which required the interrogator to probe further to identify specific subjects to avoid" and no such inquiry was undertaken by Deputy Hause. ECF No. 182 at 5. In support of his argument, Defendant cites *United States v. Eaton*, 890 F.2d 511, 514 (1st Cir. 1989). *Eaton*, however, expressly recognizes that a defendant may provide a "selective waiver" of his *Miranda* rights. *Id.* at 514 ("The law permits a 'selective'

ORDER DENYING MOTION FOR ACQUITTAL OR NEW TRIAL ~ 7

waiver."); *accord Bruni v. Lewis*, 847 F.2d 561, 564 (9th Cir. 1988).  Such is the case here.

Judge Van Sickle found that Deputy Hause produced a *Miranda* card and read Defendant his rights.  ECF No. 133 at 3.  Defendant indicated he understood these rights.  *Id.*  When asked whether he agreed to waive those rights and answer Hause's questions, Defendant answered, "Depends on the question."  *Id.* Defendant proceeded to answer a number of questions, but refused to talk about his source of supply.  *Id.*  At no point did Defendant place limitations on the questions such as by saying, for example, "I don't want to talk about drugs."  *Id*

In *Eaton*, the defendant was asked whether he would waive his rights and answer questions, to which the defendant replied "it would depend on the questions and he would answer some questions if he thought it appropriate."  *Eaton*, 890 F.2d at 513.  The First Circuit concluded that nothing about this statement was equivocal, but that the statement clearly indicated defendant's waiver of his rights depended upon the question; it was a permissible selective waiver.  *Id.* at 514.

Analogous to the First Circuit's decision, the Court finds that Defendant's statement in this case—that whether he would respond to questions, "Depends on the question"—was not equivocal.  Defendant clearly indicated that he understood his rights, and that he would waive them and speak to Deputy Hause, but not about his source of supply.  There was nothing equivocal or ambiguous about

ORDER DENYING MOTION FOR ACQUITTAL OR NEW TRIAL ~ 8

Defendant's selective waiver of his *Miranda* rights.  As such, the statements were properly admitted and the interests of justice do not warrant a new trial.

### 2.  404(b) Evidence

Defendant also argues that three statements he made to Deputy Hause on July 25, 2013, should have been excluded from trial because they were inadmissible under the Court's November 26, 2014, Order Regarding Pretrial Motions (ECF No. 160):  (1) that Defendant only sells one pound quantities of methamphetamine, (2) that Defendant buys pounds for $7,000 and sells them for $9,000, and (3) that Defendant did not want to talk about his source.  ECF No. 182 at 4.

The Court's November 26, 2014 Order was issued in response to the government's notices of intent to introduce 404(b) evidence (ECF Nos. 60, 105, 128).  The government had provided notice it intended to introduce evidence of (1) Defendant's statements relating to alleged drug distributions occurring in or before 2011 and (2) Goodwin's testimony that he saw Defendant conduct a drug sale on July 10, 2013.  ECF No. 160 at 5–6.  The Court concluded that testimony about these specific past instances of alleged drug distribution was inadmissible propensity evidence.

In the present motion, Defendant argues that his three statements are inadmissible for the same reasons the Court articulated in the November 26, 2014

ORDER DENYING MOTION FOR ACQUITTAL OR NEW TRIAL ~ 9

Order.  They are not.  Defendant's statements,  regarding the quantities of methamphetamine he sells, his profit margins, and his source of supply, related to Defendant's present conduct and method of operation.  Such evidence is admissible.  *See United States v. Melvin*, 91 F.3d 1218, 1223 (9th Cir. 1996); *see also United States v. Izatt*, 480 Fed. App'x 447, 450 (9th Cir. 2012).

As the Court explained in discussing the matter with Defendant's counsel the first morning of trial, the November 26, 2014 Order excluded evidence of past instances of drug dealing which would suggest propensity—the government could not suggest that because Defendant was a drug dealer in 2011 or on July 10, 2013, that he must have distributed drugs on July 18, 2013.  However, Defendant's statements of where he obtained the drugs sold on July 18, his cost for those drugs, and the quantity of drugs he sells are not evidence of past drug sales, but of his current method of operation.  They do not raise the specter of propensity like the testimony the Court excluded regarding specific instances of Defendant's past uncharged drug transactions.  The statements were properly admitted and the Court concludes no grounds exist which would, in the interest of justice, require a new trial.[1]

---

[1] The jury was instructed, "You are only to determine whether the Defendant is guilty or not guilty of the charge in the Indictment.  The Defendant is not on trial

1   **IT IS HEREBY ORDERED**

2     1.  Defendant's Motion for Acquittal or New Trial (ECF No. 182) is **DENIED**.

3       The District Court Executive is hereby directed to enter this Order and

4  provide copies to counsel.

5     **DATED** January 12, 2015.



7                THOMAS O. RICE
                   United States District Judge

---

15  for any conduct or offense not charged in the Indictment."  Final Instruction No. 4.

16  To the extent the Defendant's statements were phrased in a manner which may

17  suggest on-going drug distribution operations, Defendant's statements were

18  relevant and, given the jury instruction, any prejudice would not substantially

19  outweigh their probative value.  Fed. R. Evid. 403; *Melon*, 91 F.3d at 1223.

ORDER DENYING MOTION FOR ACQUITTAL OR NEW TRIAL ~ 11