UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Respondent,<br><br>　v.<br><br>OMAR ALARCON FUENTES,<br><br>　　　　Defendant-Petitioner. | NO: 2:13-CR-0125-TOR-2<br>　　　2:16-CV-0376-TOR<br><br>ORDER DENYING § 2255 MOTION, etc. |

BEFORE THE COURT are Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 236) and Motion To Compel Government to Provide Copy of Affidavit (ECF No. 244). The motions were submitted for consideration without oral argument. The Court—having reviewed the motions, the record, and files therein—is fully informed.

## BACKGROUND

A jury convicted Petitioner of knowingly distributing over 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). Petitioner was sentenced and he appealed his conviction. The Ninth Circuit issued

ORDER DENYING § 2255 MOTION, etc. ~ 1

a memorandum disposition affirming Petitioner's conviction. See ECF No. 248. The Ninth Circuit declined to consider Petitioner's ineffective assistance of counsel argument on direct review, *id*. at 4, explaining that neither extraordinary exception to the general rule applied, leaving the issue for collateral review. A petition for rehearing or rehearing *en banc* is pending, but it is not likely to affect the necessity of reaching the issues raised in the current motion.

The issues raised do not require an evidentiary hearing. *See* Rule 8, Rules—Section 2255 Proceedings. The transcripts and records and materials filed in this proceeding adequately document the issues for resolution.

## I. Ineffective Assistance of Counsel

The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy the right to have the assistance of counsel for his defense." U.S. Const. amend. VI. Effective assistance of counsel is analyzed pursuant to the doctrine set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). According to *Strickland*, Petitioner bears the burden of establishing two components to an ineffectiveness inquiry. First, the representation must fall "below an objective standard of reasonableness." 466 U.S. at 687–88. Courts scrutinizing the reasonableness of an attorney's conduct must examine counsel's "overall performance," both before and at trial, and must be highly deferential to the attorney's judgments. *United States v. Quintero-Barraza*, 78 F.3d 1344, 1347–48

(9th Cir. 1995) (quoting *Strickland*, 466 U.S. at 688–89). In fact, there exists a "strong presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Id*. (citation omitted).

If the petitioner satisfies the first prong, he must then establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Quintero-Barraza*, 78 F.3d at 1347 (quoting *Strickland*, 466 U.S. at 694).

Petitioner identifies four instances where he contends counsel was ineffective in violation of his Sixth Amendment right. Each will be addressed in the order raised.

**A. Whether counsel was ineffective for not moving to dismiss the Indictment for allegedly perjurious testimony before the grand jury.**

Petitioner contends DEA Special Agent Savage testified falsely before the grand jury in order to establish probable cause for the Indictment. Petitioner contends that Officer Savage's testimony that Petitioner "alluded to the fact that he had traveled [to Spokane] for the sale of methamphetamine" was a false statement. Petitioner denies making any admissions and observes that Agent Savage was not present when Deputy Hause interrogated Petitioner. Specifically, Petitioner

"contends that at no time he answered questions to Detective Hause on July 25, 2013, about drugs." ECF No. 236 at page 8b; *see also* ECF No. 247-2 at 2.

Agent Savage did not testify that he questioned or witnessed the interrogation of Petitioner. Agent Savage testified at the grand jury proceeding as a summary witness, he explained his answers by using the collective pronoun "we" while referencing law enforcement without identifying specifically who asked Petitioner the questions or who heard the answers. Despite Petitioner's complaint that hearsay was offered, hearsay statements are admissible at the grand jury stage of the proceeding. Fed. R. Evid. 1101(d)(2). In his traverse brief, Petitioner also complains that his Sixth Amendment confrontation right were violated, ECF No. 247 at 3, but the confrontation clause of the Sixth Amendment only applies to the speedy and public trial right, not to the Fifth Amendment's grand jury requirement. Petitioner has not shown any aspect of Agent Savage's testimony to be false.

Accordingly, the failure of counsel to seek dismissal of the Indictment was not objectively unreasonable nor did it prejudice Petitioner.

**B. Whether counsel was ineffective for failing to move to dismiss for a fatal variance between the Indictment and proof at trial.**

First, Petitioner contends that he was charged with "distributing" methamphetamine but the jury instructions (ECF No. 231 at 20) allowed the jury to convict based on "transferring possession" of methamphetamine. ECF No. 236 at

6b. Those concepts are identical, there is no fatal variance by accurately defining the term distributing.

Next, Petitioner contends the Government changed its theory of the case when it received an aiding and abetting instruction. ECF Nos. 236 at 6c; ECF No. 231 at 21. Aiding and abetting is implied in every federal indictment for a substantive offense. *United States v. Armstrong*, 909 F.2d 1238, 1241 (9th Cir. 1990). Since it is implied in every substantive offense, there can be no fatal variance between the Indictment and proof at trial. *See id.* at 1245. As the jury was instructed in this case: "The evidence must show beyond a reasonable doubt that the Defendant acted with the knowledge and intention of helping that person commit the crime of distributing methamphetamine." ECF No. 231 at 21. *See also Rosemond v. United States*, 134 S. Ct. 1240, 1248 (2014) (To aid and abet a crime, a defendant must not just "in some sort associate himself with the venture," but also "participate in it as in something that he wishes to bring about" and "seek by his action to make it succeed.") (citation omitted).

Accordingly, the failure of counsel to seek dismissal for a variance was not objectively unreasonable nor did it prejudice Petitioner because the motion would not succeed.

//

//

### C. Whether counsel was ineffective for failing to object to Deputy Hause's testimony about Petitioner's admissions.

Petitioner claims his attorney was ineffective for failing to object to Deputy Hause's testimony that Petitioner admitted to distributing a pound of methamphetamine on July 18, 2013. Deputy Hause testified at the suppression hearing that he did not ask Petitioner about the July 18, 2013 distribution of methamphetamine. ECF No. 138 at 48. At trial, Deputy Hause testified that he had in fact asked Petitioner if he delivered to Mr. Bevans and Petitioner admitted on that date he delivered a pound of methamphetamine to Henry Bevans. ECF No. 218 at 73. Petitioner correctly observes that the case depended on whether the jury believed Deputy Hause's testimony that Petitioner admitted distributing a pound of methamphetamine on July 18, 2013. Petitioner maintains that he did not answer questions about drugs, but as was his right, he did not testify at trial.

Deputy Hause made a classic prior inconsistent statement. Petitioner's counsel could have objected, but the Court would have overruled the objection. Under the Rules of Evidence, Counsel's only alternative was to impeach the witness with his prior statement. That is precisely what occurred here. ECF No. 218 at 102-03. Counsel effectively showed to the jury that Deputy Hause did not record Petitioner's admission in his report and further testified in court that he never questioned Petitioner about the July 18th incident. However, Deputy Hause

ORDER DENYING § 2255 MOTION, etc. ~ 6

explained that he had made a mistake saying that and also testified that the admission was written in the charging affidavit.

Accordingly, the failure of counsel to object to Deputy Hause's testimony had no bearing on the issue; counsel exhausted the only avenue available when a witness testifies inconsistently, impeachment by confronting the witness with his inconsistencies in front of the jury. The jury then determines the credibility of the witness while deciding the case.

### D. Whether counsel was ineffective for failing to challenge the search warrant which allegedly was not supported by probable cause.

Petitioner contends his counsel was ineffective for failing to file a suppression motion concerning the search warrant executed at his home. He argues that the warrant lacks probable cause and is overbroad. Additionally, he argues that if counsel had successfully suppressed the warrant, his statements would also be suppressed as fruit of the illegality.

An affidavit in support of a search warrant demonstrates probable cause if, under the totality of the circumstances, it reveals a fair probability that contraband or evidence of a crime will be found in a particular place. *United States v. Celestine*, 324 F.3d 1095, 1102 (9th Cir. 2003) (*citing Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the

affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Stanert*, 762 F.2d 775, 778–79 (9th Cir.), amended, 769 F.2d 1410 (9th Cir. 1985) (*quoting Gates*, 462 U.S. at 238). A court must uphold a warrant if, "under the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed." *Celestine*, 324 F.3d at 1102.

To determine specificity, [the court] examine[s] both the warrant's breadth and particularity. *United States v. Wong*, 334 F.3d 831, 836 (9th Cir. 2003) (citation omitted). [Courts] consider one or more of the following to determine specificity: (1) whether there was probable cause to seize particular items in the warrant, (2) whether the warrant sets out objective standards by which executing officers can determine which items are subject to seizure, and (3) whether the government could have described the items more particularly when the warrant was issued. *Wong*, 334 F.3d at 836–37.

"Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the

excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

Here, nothing was seized from Petitioner's home that was introduced at his trial. Thus, there can be no prejudice—no different result of the proceeding—had counsel filed a suppression motion.

Moreover, the totality of the circumstances set forth in the affidavit show that the magistrate had a substantial basis for concluding that probable cause existed. ECF No. 243-7. The specificity of the items to be seized were tied to methamphetamine drug trafficking proceeds, implements and tools of the trade.

Petitioner was arrested by state authorities at the scene, despite that no drug trafficking evidence was located. It cannot be said that Petitioner's statements were solely the product of the search warrant. But even if the search warrant were suppressed, Petitioner has not shown that the result of the proceeding would have been different.

**II.     Motion to Compel Government to Provide Copy of Affidavit (ECF No. 244)**

By motion dated December 20, 2016 which was filed January 9, 2017, Petitioner seeks an order compelling the Government to provide a copy of Deputy Hause's First Appearance Affidavit dated July 26, 2013. The Government filed its response to Petitioner's § 2255 motion on January 6, 2017. Attached to that

response is Exhibit C, Deputy Hause's first appearance affidavit. The Government represents that this affidavit (bates stamped page numbers 00000174 through 00000177) was also provided to Petitioner's counsel on March 10, 2014. *See* ECF No. 243 at 15 n.7; ECF No. 246-1.

Petitioner has been provided the material he seeks, his motion is now moot and is therefore denied.

### III. Certificate of Appealability

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." See id. § 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

This Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with the Court's resolution

of his constitutional claim or conclude the issues presented deserve encouragement to proceed further.

**ACCORDINGLY**, **IT IS ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 236) is **DENIED**.

2. Petitioner's Motion To Compel Government to Provide Copy of Affidavit (ECF No. 244) is **DENIED** as moot.

3. The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Rule 11, Rules—Section 2255 Proceedings.

The District Court Executive is directed to enter this Order and provide copies to the parties and **CLOSE** this file, and the corresponding civil file.

**DATED** June 6, 2017.



THOMAS O. RICE
Chief United States District Judge