5  UNITED STATES DISTRICT COURT
6  EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 7  UNITED STATES OF AMERICA,<br>8                         Plaintiff,<br>9    v.<br>10 OMAR ALARCON FUENTES,<br>11                       Defendant. | NO: 1:13-CR-0125-TOR-2<br><br>ORDER TRANSFERRING DEFENDANT'S MOTION UNDER FED. R. CIV. P. 60(b) |

13     BEFORE THE COURT is Defendant's Motion to Set Aside a Previous

14 § 2255 Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) & (6). ECF No. 279.

15     The Court has reviewed the present motion, the record, and files herein, and

16 is fully informed. For the reasons discussed below Defendant's Motion to Set

17 Aside a Previous § 2255 Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) & (6) (ECF

18 No. 279) will be transferred to the Ninth Circuit Court of Appeals.

19     Defendant previously filed a Motion for Habeas Corpus Pursuant to 28

20 U.S.C. § 2255 on December 21, 2017. ECF No. 262. On May 3, 2018, this Court

ORDER TRANSFERRING
DEFENDANT'S MOTION UNDER FED. R. CIV. P. 60(b) ~ 1

denied Petitioner's Motion. ECF No. 270. On August 6, 2018, the Ninth Circuit denied a Certificate of Appealability. ECF No. 275. On September 25, 2018, the Ninth Circuit denied reconsideration and reconsideration *en banc*. ECF No. 276. On April 1, 2019, the Supreme Court of the United States denied the petition for writ of certiorari. ECF No. 278.

**DISCUSSION**

The district court lacks authority to review successive habeas motions filed without authorization from the court of appeals. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(4)(A); see also *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998). The Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA] amended the federal habeas statutes and added the requirement that any prisoner seeking to file a successive habeas application must first file, in the appropriate court of appeals, a motion for an order authorizing the district court to consider the successive application. 28 U.S.C. § 2244(b)(3)(A); Ninth Circuit Rule 22-3(a). Once the applicant files such a motion, the court of appeals then reviews the successive application to determine whether it contains (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional

ORDER TRANSFERRING
DEFENDANT'S MOTION UNDER FED. R. CIV. P. 60(b) ~ 2

law, made retroactive to cases on collateral review by Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Rule 60(b)(4) and (6) provide that a district court may relieve a party from a final judgment, order, or proceeding where the movant has shown . . . (4) the judgment is void; . . . or (6) any other reason justifying relief. A party seeking Rule 60(b)(6) relief must show "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

A Rule 60(b) motion, however, cannot be used to undermine the limitations on the collateral attack of a federal conviction. A petitioner is generally limited to one motion under § 2255, and may not bring a "second or successive motion" unless it meets the exacting standards of 28 U.S.C. § 2255(h). *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). "Because of the difficulty of meeting this standard, petitioners often attempt to characterize their motions in a way that will avoid the strictures of § 2255(h)," for example, by characterizing "their pleading as being a motion under Rule 60(b) of the Federal Rules of Civil Procedure." *Id*. at 1059.

When a Rule 60(b) motion is actually a disguised second or successive § 2255 motion, it must meet the criteria set forth in § 2255(h). *Gonzalez*, 545 U.S. at 528. But the Supreme Court has not adopted a bright-line rule for distinguishing

between a bona fide Rule 60(b) motion and a disguised second or successive § 2255 motion, instead holding that a Rule 60(b) motion that attacks "some defect in the integrity of the federal habeas proceedings" is not a disguised § 2255 motion but rather "has an unquestionably valid role to play in habeas cases." *Washington*, 653 F.3d at 1059–60 (quoting *Gonzalez*, 545 U.S. 532, 534). However, the Supreme Court has instructed that a motion raising an entirely "new claim," or attacking "the federal court's resolution of a claim on the merits," is a disguised second or successive motion. *Gonzalez*, 545 U.S. at 531–32.

Here, Mr. Alarcon-Fuentes contends he "is not trying to present a new reason why he should be relieved of either his conviction or his sentence, as provided in 28 U.S.C. § 2255." ECF No. 279 at 3. He explains that he "is instead trying to reopen his existing Section 2255 proceeding and overcome a procedural barrier to its adjudication since he cannot be convicted on the basis of an uncorroborated admission." *Id*. Mr. Alarcon-Fuentes, for the first time, contends that his "admission is inadequately corroborated." *Id*. at 4. That is precisely a new claim that was not presented in his first § 2255 motion, consequently, he is not attacking some defect in the integrity of the first federal habeas proceeding.[1]

---

[1] Defendant raised four different issues in his first § 2255 motion: (1) Whether counsel was ineffective for not moving to dismiss the Indictment for allegedly

ORDER TRANSFERRING
DEFENDANT'S MOTION UNDER FED. R. CIV. P. 60(b) ~ 4

Accordingly, the Court construes Mr. Alarcon-Fuentes' Motion to Set Aside a Previous § 2255 Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) & (6) as a Successive Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.

As previously noted, the Court has already denied Mr. Alarcon-Fuentes' first motion under 28 U.S.C. § 2255. ECF No. 270. Neither the record nor any evidence submitted by Mr. Alarcon-Fuentes shows that he obtained the required authorization from the Ninth Circuit. Therefore, this Court does not have jurisdiction to consider his application for relief. Ninth Circuit Rule 22-3(a) provides in part,

> If an unauthorized second or successive . . . section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals.

---

false testimony before the grand jury; (2) Whether counsel was ineffective for failing to move to dismiss for a fatal variance between the Indictment and proof at trial; (3) Whether counsel was ineffective for failing to object to Deputy Hause's testimony about Petitioner's admissions; and (4) Whether counsel was ineffective for failing to challenge the search warrant which allegedly was not supported by probable cause. ECF No. 262 at 2 (incorporating the issues raised in the attachment at ECF No. 262-1).

ORDER TRANSFERRING
DEFENDANT'S MOTION UNDER FED. R. CIV. P. 60(b) ~ 5

The Court believes it is in the interest of justice to transfer this case to the Ninth Circuit. *See also* 28 U.S.C. § 1631. In general, the Ninth Circuit has taken a broad view of when transfer is appropriate, recognizing that "[n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (citation omitted). Transferring Mr. Alarcon-Fuentes' Motion would expedite a just result in his case.

Accordingly, **IT IS HEREBY ORDERED**:

1. Mr. Alarcon-Fuentes' Motion to Set Aside a Previous § 2255 Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) & (6) (construed as a Successive Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255), ECF No. 279, shall be terminated in this Court and **TRANSFERRED** to the Ninth Circuit Court of Appeals for determination of whether his Motion should be authorized pursuant to 28 U.S.C. § 2255(h).

2. Mr. Alarcon-Fuentes is advised that this transfer will not itself constitute compliance with 28 U.S.C. § 2255 and Circuit Rule 22-3(a). Mr. Alarcon-Fuentes must still file an application for leave to proceed with the Ninth Circuit and make the showing required by § 2255. The Clerk

of the Court shall send Mr. Alarcon-Fuentes a copy of the Ninth Circuit **Form 12**.

The District Court Executive is directed to enter this Order and provide copies to the parties.

**DATED** September 18, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER TRANSFERRING DEFENDANT'S MOTION UNDER FED. R. CIV. P. 60(b) ~ 7