1
2
3
4
5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

6

7   UNITED STATES OF AMERICA,

8                                    Plaintiff,

9        v.

10  OMAR ALARCON FUENTES,

11                                   Defendant.

NO. 2:13-CR-0125-TOR-2

ORDER DENYING DEFENDANT'S
MOTION TO REDUCE SENTENCE

12      BEFORE THE COURT are Defendant's Request for Compassionate

13  Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Motion to Take Judicial

14  Notice.  ECF Nos. 283 and 285.  The Government has submitted its opposition.

15  ECF No. 286.  The Court has reviewed the record and files herein, the completed

16  briefing, and is fully informed.

17                          **BACKGROUND**

18      Defendant is serving sentences in two separate cases, this one and case

19  number 14-CR-2071-TOR.  On December 3, 2014, Omar Alarcon Fuentes was

20  found guilty by jury verdict of Distribution of 50 Grams or More of Actual

Methamphetamine in violation of 21 U.S.C. § 841(a)(1) as charged in the

Indictment filed on August 13, 2013.  ECF Nos. 16, 179.  Additionally, on March

19, 2015 in case number 14-CR-2071-TOR, Defendant pleaded guilty to the

Indictment filed on September 17, 2014, ECF No. 1, charging him with being an

Alien in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(5)(A) and

924(a)(2).

On July 2, 2015, this Court sentenced Defendant to, inter alia,  a 121-month

term of imprisonment, followed by a 5-year term of supervised release in the drug

case.  ECF No. 208.  At the same time, this Court sentenced Defendant to, inter

alia, a 120-month term of imprisonment, followed by a 3-year term of supervised

release in the possession of ammunition case, concurrent with the drug sentence.

Case number 14-CR-2071-TOR, ECF No. 46.  Defendant was remanded to the

custody of the U.S. Marshal for service of his sentences.

Defendant is currently incarcerated at North Lake Correctional Facility

(NLCF), a privately contracted prison in Baldwin, Michigan.  Defendant's

projected release date is February 27, 2022.  The Immigration and Customs

Enforcement has lodged a detainer with the Bureau of Prisons, in order to

effectuate a deportation proceeding against Defendant.

On August 23, 2020, Defendant submitted to the Facility Administrator an

administrative request for compassionate release based on "the Covid-19 outbreak

due to its highly infectious rate among Hispanics or in places with large clusters of people confine[d] to a small area." ECF No. 286-2. On September 15, 2020, Defendant's administrative request was denied. ECF No. 283 at 5-6.

On October 28, 2020, Defendant filed the instant motion seeking compassionate release. ECF No. 283. Defendant seeks to have his sentence modified to time served and be immediately deported to his home country of Mexico. *Id*. at 3. He explains that his ethnicity puts him at a substantial risk of infection, the medical services at NLCF are deficient, he had a recent bout with tuberculosis, he obtained a G.E.D., his behavior and disciplinary history have been good and he is a low recidivism risk. *Id*. On November 3, 2020, Defendant filed a Motion to Take Judicial Notice, ECF No. 285, concerning a news article.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting

administrative remedies within the Bureau of Prisons or by waiting 30 days after

receipt of their request by the warden of defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds

"extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the

defendant is at least 70 years old, has served at least 30 years in prison pursuant to

a sentence imposed for the offense for which the defendant is currently imprisoned,

and the defendant is determined not to pose a risk of danger to the community.  18

U.S.C. § 3582(c)(1)(A).  Under either eligibility prong, the Court must also find

that a sentence reduction is "consistent with applicable policy statements issued by

the [United States] Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The

Sentencing Guidelines instruct that the Court should consider the sentencing

factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate

release, and that the Court should not grant a sentence reduction if the defendant

poses a risk of danger to the community, as defined in the Bail Reform Act.

U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement on sentence reduction

mirrors the language of the compassionate release statute, but it has not yet been

updated to reflect the procedural changes implemented by the First Step Act.

U.S.S.G. § 1B1.13.  "While that particular policy statement has not yet been

updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling.  U.S.S.G. § 1B1.13, Application Note 1.  Here, Defendant's motion will be analyzed under the catch-all provision, "other reasons" that are "extraordinary and compelling."

**B. Exhaustion or Lapse of 30 days**

The Facility Administrator of NLCF denied Defendant's compassionate release request on September 15, 2020. ECF No. 283 at 5-6. The Government concedes Defendant has exhausted his administrative remedies. *See* ECF No. 286 at 6. Accordingly, the Court finds Defendant has exhausted his administrative remedies.

**C. Extraordinary and Compelling Reasons**

Defendant, now age 43, contends that his ethnicity puts him at a substantial risk of infection, the medical services at NLCF are deficient, he had a recent bout with tuberculosis, he obtained a G.E.D., his behavior and disciplinary history have been good and he is a low recidivism risk.

Defendant's Hispanic origin does not constitute an extraordinary and compelling reason to warrant release. While certain ethnicities may face a higher risk of severe illness from COVID-19, that fact alone does not warrant release from prison.

The Government has submitted Defendant's medical records. ECF No. 287 (under seal). The medical records do not reveal any medical condition that would warrant release. While the records document Defendant's latent TB condition, they also show that Defendant's latent TB is not active and has been successfully treated. Defendant's health continues to be monitored.

1    Defendant complains about deficient medical services but offers no evidence

2    or proof that the Bureau of Prisons or NLCF are incapable of providing adequate

3    care.

4        Whether Defendant is housed in prison or released and deported to Mexico,

5    the virus continues to spread throughout the world.  Just because Defendant fears

6    an infection does not warrant immediate release.  In this case, there are no

7    extraordinary and compelling reasons for a reduction in sentence.

8    D. **Factors under 18 U.S.C. § 3553(a)**

9        18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court

10   should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when

11   deciding a motion for compassionate release.

12       At the time of the original sentencing, the Court fully considered those

13   factors and imposed sentences that were sufficient but not greater than necessary to

14   comply with and fulfill the goals of sentencing.  Once again, the Court has fully

15   considered these factors in light of the developments since sentencing.  Of

16   particular note is that the criminal conduct here was quite serious involving the

17   distribution of methamphetamine.  Additionally, Defendant was convicted of being

18   an alien in possession of ammunition, another serious threat to the health and

19   safety of the community.

20

1    The sentences the Court imposed were "sufficient, but not greater than

2  necessary," to comply with the purposes of § 3553(a), including to reflect the

3  seriousness of the offenses, to promote respect for the law, to provide just

4  punishment for the offenses and to afford adequate deterrence (general and

5  specific) to this criminal conduct.  The sentences imposed remain sufficient but not

6  greater than necessary to comply with the purposes of sentencing.

7    E.  **Danger to any Person and the Community under 18 U.S.C. § 3142(g)**

8    Defendant contends that he is a low risk for recidivism.  ECF No. 283 at 3.

9  While Defendant's underlying crimes are not categorized as a violent crimes, one

10  is a serious drug trafficking offense that carries with it a rebuttable presumption of

11  detention and demonstrates the risk he presents to the health and safety of the

12  community.  The other involves ammunition possessed by a prohibited person and

13  presents a risk of harm to the community.  While Defendant expects to be deported

14  to Mexico, nothing previously has prevented Defendant from returning to the

15  United States to commit these crimes.

16    Defendant's good conduct and successful rehabilitative activities—obtaining

17  a G.E.D., his behavior and disciplinary history have been good, completion of

18  courses for logistic management, business management and work as a law clerk—

19  are all commendable, but do not warrant early release.

20

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 8

**CONCLUSION**

Defendant has no health condition and presents no extraordinary or compelling reason to modify the Judgments that have been imposed. The Court declines to exercise its discretion to reduce Defendant's sentences because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Request for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 283, is **DENIED**.

**2.** Defendant's Motion to Take Judicial Notice, ECF No. 285, is **DENIED as moot.**

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** January 5, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 9